IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CULVERHOUSE,  )<br>                                                    )<br>     Plaintiff,                              )<br>                                                    )<br>v.                                              )     Case No. 3:21-cv-121-RAH-SMD<br>                                                    )                    (WO)<br>SOUTHERN UNION                     )<br>COMMUNITY COLLEGE,         )<br>                                                    )<br>     Defendant.                          ) | |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Pending before the Court is the Partial Motion to Dismiss ("Motion") (Doc. 8) filed by Defendant Southern Union Community College ("Southern Union") on March 11, 2021. Plaintiff Christopher Culverhouse ("Culverhouse") filed his Complaint on February 9, 2021. He brings claims under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (Count I) and the Americans with Disabilities Act ("the Americans with Disabilities Act," or "ADA"), 48 U.S.C. § 12101 *et seq.* (Count II).

Culverhouse alleges that he was passed over for a full-time history instructorship at Southern Union's Wadley campus because he suffers from cerebral palsy and Charcot-Marie-Tooth disorder. Culverhouse seeks equitable relief and compensatory damages under the Rehabilitation Act, and injunctive and equitable relief under the ADA.

1

Southern Union moves to dismiss Culverhouse's ADA claim (Count II). (Doc. 8.) For the following reasons, the motion is due to be GRANTED.

## II. LEGAL STANDARD

Southern Union filed its motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Southern Union's motion, however, "fails to designate which of its arguments for dismissal are brought pursuant to Rule 12(b)(1) versus Rule 12(b)(6). Generally, jurisdictional challenges are addressed under Rule 12(b)(1), whereas Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted." *Harris v. Bd. of Trustees Univ. of Alabama*, 846 F. Supp. 2d 1223, 1229–30 (N.D. Ala. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (stating that where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.") (citing in turn *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).[1]

In this case, sovereign immunity under the Eleventh Amendment is the only issue Southern Union raises in its motion, a constitutional doctrine which implicates

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

the Rule 12(b)(1) jurisdictional standard. *See Davis v. Alabama Dept. of Trans.*, Case No. 2:16cv583-MHT-WC, 2017 WL 4391730, at *5 (M.D. Ala. Aug. 2, 2017) (citing *Thomas v. U.S. Postal Serv.*, 364 F. Appx. 600, 601 (11th Cir. 2010)). The Court will thus briefly address the appropriate legal standard for evaluating Southern Union's motion.

### A. The Proper Standard for Evaluating a Motion to Dismiss Based on Sovereign Immunity

The Eleventh Circuit has indicated that the Eleventh Amendment sovereign immunity analysis is more appropriately conducted under Rule 12(b)(1) where the analysis does not involve the merits of the case. *See Thomas v. U.S. Postal Service*, 364 F. Appx. 600, 601 (11th Cir. 2010) ("[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists.") (citing *Bennett v. United States*, 102 F.3d 486, 488 n. 1 (11th Cir. 1996)); *see also Bennett*, 102 F.3d at 488 ("Rule 12(b)(1) of the Federal Rules of Civil Procedure provides a vehicle for the dismissal of actions for lack of subject matter jurisdiction."). The Court "recognizes the Eleventh Circuit's word of 'caution' that a district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Harris*, 846 F. Supp. 2d at 1231 n.8 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (marks omitted)). Here though, analysis of Southern Union's immunity arguments "does not implicate the merits of Plaintiff's cause of action because the

3

immunity is based solely on the Defendant's status as a state agency." *Id*.

Although this Court analyzes Southern Union's sovereign immunity arguments under the Rule 12(b)(1) standard, the Court notes that application of the Rule 12(b)(6) standard would not affect the outcome of its analysis. That is, the question is somewhat "academic," for under either Rule 12(b)(1) or 12(b)(6), "the legal issue is the same and depends upon whether immunity applies given the well-pled allegations of Plaintiff's Complaint, assumed to be true and drawing reasonable inferences in Plaintiff's favor." *Lambert v. Bd. of Trustees of Univ. of Alabama*, Case No. 2:18-CV-1112-JEO, 2019 WL 339178, at *7 (N.D. Ala. Jan. 28, 2019), *aff'd sub nom. Lambert v. Bd. of Trustees*, 793 F. App'x 938 (11th Cir. 2019).

### B. The Rule 12(b)(1) Legal Standard

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)). "Factual attacks," on the other hand, serve to "challenge 'the existence of

subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id*.

In *McElmurray*, the Eleventh Circuit stated that a district court treated a motion to dismiss as a facial, rather than factual, attack because it "considered only the complaint and the attached exhibits." 501 F.3d at 1251. Where, as here, the Court considers a challenge to subject matter jurisdiction, "the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

## III. FACTS

Culverhouse suffers from cerebral palsy and a rare degenerative neurological condition called Charcot-Marie-Tooth disorder. These conditions are qualifying conditions under the Rehabilitation Act and the ADA.

In late 2008, Culverhouse joined Southern Union, an Alabama state community college, as an adjunct professor at the Wadley Campus. After teaching as an adjunct professor for 12 years, in March of 2019, Culverhouse applied for a full-time history position. Southern Union, however, eventually awarded the position to a different person, who had less experience than Culverhouse.

Culverhouse alleges that Southern Union "did not hire him 'because of concerns' about the perceived legal and/or logistical impact of hiring him full-time," and "has actively sought to prevent [him] from obtaining a full-time position because

5

of his disabilities." (Doc. 1 at 3.) As a result of this alleged discrimination, Culverhouse alleges that he has lost, *inter alia*, "significant compensation, including full-time income and benefits, and suffered both mental and emotional distress." (Doc. 1 at 4.)

## IV.   DISCUSSION

In its Motion, Southern Union seeks dismissal of Culverhouse's ADA claim (Count II) on the ground that it is barred by Eleventh Amendment sovereign immunity. (Doc. 8 at 4-5.) In that count, Culverhouse seeks only equitable and declaratory relief in his prayer for relief. (Doc. 1 at 6.)

While the Complaint is silent on the issue, in his reply brief, Culverhouse clarifies that his ADA claim proceeds both under Title I and Title II of the ADA, thereby suggesting that he may also be seeking monetary damages. (*See* Doc. 12 at 4-7); *see Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001) (prohibiting suits by individuals against states for money damages under Title I of the ADA). Out of an abundance of caution, the Court will discuss the claim under the governing standards for both Title I and Title II, and will assume for purposes of this Opinion that Culverhouse seeks equitable, declaratory, and monetary relief as to his Title II claim.

### A. The ADA Title I Claim

Title I of the ADA prohibits certain employers, including state employers, from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see ibid* §§ 12111(2), (5), (7). This section of the ADA requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business." § 12112(b)(5)(A).

Southern Union argues Culverhouse's Title I claim is barred by the Eleventh Amendment, which protects nonconsenting states from suits for monetary damages by private citizens in federal court. *See College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669–670 (1999). To ascertain whether an entity is an arm of the state, the Court must examine state law. *Brown v. East Central Health Dist.*, 752 F.2d 615, 617 (11th Cir. 1985) (citations omitted).

The Supreme Court of Alabama has held that "institutions of higher learning," including the state's community colleges, are arms of the state. *Williams v. John C. Calhoun Community College*, 646 So. 2d 1, 2 (Ala. 1994). As a state community college, Southern Union is an arm of the state and therefore is immune from an ADA

Title I suit for money damages under Eleventh Amendment sovereign immunity. *See, e.g., Garrett*, 531 U.S. at 360.[2]

That leaves for resolution whether Culverhouse's claim for injunctive and declaratory relief against Southern Union is barred by Eleventh Amendment immunity. Under the facts pled in the Complaint, it is.

In *Garrett,* the Supreme Court stated that the prohibition against individual suits for money damages under Title I did not prohibit plaintiffs from seeking injunctive relief pursuant to the longstanding exception to sovereign immunity under *Ex parte Young*, 209 U.S. 123 (1908). *Garrett*, 531 U.S. at 374 n.9. The *Ex parte Young* exception permits lawsuits against state officers that seek prospective equitable relief to end *continuing legal violations*, though crucially, it does not extend to claims for *retrospective* relief. *See Edelman v. Jordan*, 415 U.S. 651, 664–666, 668 (1974).

Culverhouse contends that Southern Union discriminated against him by refusing to hire him for a full-time position based upon his disabilities, which in turn

---

[2] In his Complaint, Culverhouse cited both the ADA and the Americans with Disabilities Act Amendments Act ("ADAAA"). (Doc. 1 at 1, 5-6.) "While the ADAAA post-dates *Garrett*, the ADAAA does not 'alter *Garrett's* conclusion that the remedies imposed by [Title I of] the ADA are not 'congruent and proportional' to the targeted violations,'" and therefore are invalid applications of Congress' § 5 power under the Fourteenth Amendment. *Lucas v. State of Alabama Dep't of Pub. Health*, Case No. 3:15CV941-WKW, 2016 WL 335547, at *3 n.5 (M.D. Ala. Jan. 7, 2016), *report and recommendation adopted*, Case No. 3:15-CV-941-WKW, 2016 WL 344965 (M.D. Ala. Jan. 27, 2016) (citing *Parten v. Alabama Department of Tourism*, 100 F.Supp.3d 1259, 1272 (M.D. Ala. 2015)).

decreased his opportunity for more compensation and caused him emotional damage. He seeks a judgment declaring that Southern Union discriminated against him and such other injunctive and equitable relief to which he may be entitled. (Doc. 1 at 6.) "[A]lthough this prayer for relief is styled as prospective relief, this type of injunctive relief is barred by the Eleventh Amendment because it aims to vindicate a retrospective interest in compensation rather than a prospective interest in ending a continued legal violation." *Leverette v. Alabama Revenue Dep't*, 453 F. Supp. 2d 1340, 1344 (M.D. Ala. 2006) (Thompson, J.) (citing *Florida Ass'n of Rehab. Facilities, Inc. v. State Department of Health and Rehabilitative Services*, 225 F.3d 1208, 1219–1120 (11th Cir. 2000)).

Culverhouse's injuries are the result of "past transgressions," and "[e]ven assuming [his] harm is ongoing," in the sense that he lost out on better pay and benefits and suffered mental anguish, "this harm does not render the relief [he] seeks for these alleged prior bad acts any less retrospective." *Id.* (citing 225 F.3d 1208 at 1221). When a claim that is styled as prospective is "'measured in terms of a monetary loss resulting from a past breach of a legal duty,' it is the functional equivalent of money damages and *Ex parte Young* does not apply." *Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1220 (quoting *Edelman*, 415 U.S. at 669). Accordingly, Culverhouse's attempt to characterize his claim as seeking

prospective, rather than retrospective, relief is unavailing and does not save this claim from application of sovereign immunity.[3]

Culverhouse's request for a declaratory judgment, i.e., "a declaration that, among other things, [Southern Union] violated the ADA," fares no better. *Leverette*, 453 F. Supp. 2d at 1344. Culverhouse "may not use the doctrine to adjudicate the legality of past conduct." *Id.* (quoting *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999)).

In short, the Eleventh Amendment bars Culverhouse's claim under Title I of the ADA. Therefore, to the extent Southern Union seeks to dismiss the Title I ADA claim in Count II, the motion to dismiss is due to be granted pursuant to Rule 12(b)(1).

## B. The ADA Title II Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

---

[3] The Court notes that Culverhouse's claim suffers from another defect as well, which is his failure to sue a state official in his or her official capacity. *See Robinson v. Gadsden State Cmty. Coll.*, Case No. 4:14-CV-1538-VEH, 2016 WL 1212532, at *6 n.1 (N.D. Ala. Mar. 29, 2016); (Doc. 12 at 3) ("Mr. Culverhouse has named only the governmental entity, Southern Union, and not any individual of official of Southern Union."). As explained by the Eleventh Circuit, the *Ex Parte Young* decision "held that official capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment." *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005). "In such cases, it is the individual and not the state which is being sued, and when a state official acts unconstitutionally, he is stripped of his official or representative character and Eleventh Amendment protection." *Williams v. Ala. State Univ.*, 865 F. Supp. 789, 792 (M.D. Ala. 1994) (emphasis added) (citing *Ex parte Young*, 209 U.S. at 159–60), *rev'd on other grounds*, 102 F.3d 1179 (11th Cir. 1997)).

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Supreme Court in *Garrett* left unresolved the question of whether Title II of the ADA abrogated Eleventh Amendment immunity. 531 U.S. at 360 n.1.

Circuits are split on whether Title II applies to disability discrimination in public employment, with some holding that it does not apply in this context, leaving Title I as the exclusive ADA remedy for claims of disability discrimination in both public and private employment. *See Brumfield v. City of Chicago*, 735 F.3d 619, 622 (7th Cir. 2013) (Sykes, J.); *Elwell v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 693 F.3d 1303 (10th Cir. 2012); *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169 (9th Cir. 1999).

However, the Eleventh Circuit has interpreted Title II of the ADA to allow employment discrimination lawsuits against public entities. *See Bledsoe v. Palm Beach County Soil and Water Conservation Dist.*, 133 F.3d 816, 820 (11th Cir. 1998). *Bledsoe* has been criticized, but because it is binding on this Court, Culverhouse's assertion that his claim is covered under the text of Title II of the ADA is valid. *See Clifton v. Georgia Merit Sys.*, 478 F. Supp. 2d 1356, 1366 (N.D. Ga. 2007).

Still, that is not the end of the matter. Southern Union cites several rulings by district courts in this circuit post-*Bledsoe* holding that, although *Bledsoe* established

that plaintiffs in this circuit can sue public entities for employment discrimination under Title II of the ADA, those suits might be barred by the Eleventh Amendment. *See Lucas v. St. of Ala. Dep't of Public Health*, Case No. 3:15CV941-WKW, 2016 WL 335547, at *3 (M.D. Ala. Jan. 7, 2016); *Leverette*, 453 F. Supp. 2d at 1345; *Clifton*, 478 F. Supp. 2d at 1367-68. Culverhouse, for his part, submits that each of those district court decisions conflict with the Eleventh Circuit's *Bledsoe* holding and therefore should be disregarded by this Court. (*See* Doc. 12 at 5-9.)

Here, Southern Union has the better argument. In particular, this Court is persuaded by the *Clifton* court's separation of the analysis governing (1) the ADA's textual applicability to employment discrimination claims against public entities and (2) whether, even if a claim is cognizable under Title II, it still may be barred by the Eleventh Amendment. *Clifton*, 478 F. Supp. 2d at 1366-68. These questions are separated because *Bledsoe* left unaddressed the question concerning whether Title II validly abrogated state sovereign immunity. The *Bledsoe* court only engaged in statutory interpretation as to whether Title II of the ADA included employment discrimination claims against public entities. And notably, "[e]ven when Article I of the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization, under that power alone, of suits by private parties against unconsenting States." *Clifton*, 478 F. Supp. 2d at 1366 (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 72 (1996)).

> The *Clifton* court explained the issue this way:
>
> Congress can, however, abrogate a State's sovereign immunity when it does so pursuant to a valid exercise of its power under Section 5 of the Fourteenth Amendment to enforce the substantive guarantees of that Amendment. *Tennessee v. Lane*, 541 U.S. 509, 518 (2004). To determine whether such an abrogation is proper, a court must resolve (a) whether Congress unequivocally expressed its intent to abrogate that immunity, and, if it did, (b) whether it "act[ed] pursuant to a valid grant of constitutional authority." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000). Here, the first *Kimel* requirement is clearly satisfied by the language of the ADA itself. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter").

478 F. Supp. 2d at 1366–67. Further, "[t]he Supreme Court has since found that Title II validly abrogates state sovereign immunity when it proscribes conduct that *actually violates* the Fourteenth Amendment." *Leverette*, 453 F. Supp. 2d at 1344 (citing *United States v. Georgia*, 546 U.S. 151, 158 (2006) (emphasis added)).

However, it is left to the lower courts "to determine, on a case-by-case basis, the much thornier question of whether conduct that violates Title II but does not violate the Fourteenth Amendment is nevertheless valid under Congress's § 5 enforcement power." 453 F. Supp. 2d at 1344. As previously explained, the Supreme Court held in *Garrett* as to Title I that Congress did not validly abrogate sovereign immunity with regard to employment discrimination claims brought by disabled persons against a state, and "it would be illogical to find that history of state discrimination against the disabled in employment is insufficient to permit Congress

13

to enact Title I, but that that same history is somehow sufficient to allow Congress to fashion Title II." *Leverette*, 453 F. Supp. 2d at 1345. Thus, Southern Union remains immune from a suit for money damages proceeding under Title II of the ADA for Culverhouse's claim of employment discrimination.

Finally, to the extent Culverhouse seeks equitable and declaratory relief with respect to his Title II claim, the reasoning applicable to Culverhouse's Title I claim is likewise applicable here. *See Leverette*, 453 F. Supp. 2d at 1345; *Summit Med. Assocs.*, 180 F.3d at 1337. Thus, this Court lacks subject matter jurisdiction over the Title II claim. Consequently, the motion to dismiss the Title II claim pursuant to Federal Rule of Civil Procedure 12(b)(1) is due to be granted.

## V. CONCLUSION

Based on the foregoing, it is

ORDERED as follows:

(1) The Partial Motion to Dismiss (Doc. 8) is GRANTED; and

(2) The ADA claim (Count II) is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Rehabilitation Act claim (Count I) remains unaffected by this Order and shall proceed.

DONE and ORDERED, on this the 14th day of June, 2021.

                                                    /s/ R. Austin Huffaker, Jr.  
                                      R. AUSTIN HUFFAKER, JR.  
                                      UNITED STATES DISTRICT JUDGE